UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.  Case No. 2:21-cr-74-TPB-KCD

AMBER REWIS BRUEY,

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S
MOTION FOR COMPASSIONATE RELEASE**

This matter is before the Court on Defendant Amber Rewis Bruey's motion for compassionate release, filed *pro se* on January 2, 2024. (Doc. 163). On January 16, 2024, the Government filed its response. (Docs. 166; 167). On January 22, 2024, Defendant filed a supplemental motion (Doc. 167) and an unauthorized reply (Doc. 168), and on January 25, 2024, she filed a supplement to her unauthorized reply (Doc. 169).[1] After reviewing the motion, response, reply, supplements, case file, and the record, the Court finds as follows:

On July 13, 2022, the Court sentenced Defendant to 48 months' imprisonment after she pleaded guilty to sixteen different fraud-related charges after she and her husband stole over $880,000 in COVID-relief funds.[2] The Court notes that the guideline range was calculated at 63-78 months imprisonment, *but the Court varied downward to impose a 48-month sentence.* The Court also delayed Defendant's report

---

[1] In the interest of judicial economy, although the reply and supplements were unauthorized, the Court considers them when ruling on the motion for compassionate release.
[2] Defendant used the stolen money to buy luxury items and to pay off a prior restitution order (for a different fraud that she had committed).

date until May 12, 2023, several months after she gave birth to her fifth child.[3] Defendant, who has been in custody for around ten months, is currently incarcerated at Alderson FPC in West Virginia, and she is projected to be released on June 23, 2026.

In her motion, Defendant requests that the Court modify or reduce her sentence to release her from federal prison. Specifically, Defendant claims that (1) she suffers from a variety of chronic health conditions, (2) her children's caregiver is facing medical challenges, making caretaking difficult, and (3) rehabilitation. Defendant seeks release under 18 U.S.C. § 3582(c)(1)(A), sometimes referred to as "compassionate release."

A district court is not free to modify a term of imprisonment once it has been imposed, except upon motion of the Director of the Bureau of Prisons ("BOP"); or upon motion by the defendant, after she has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on his behalf, or 30 days has elapsed from receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Celedon*, 353 F. App'x 278, 280 (11th Cir. 2009). To warrant a reduction of his sentence in this case, Defendant must present "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i).

After reviewing the applicable law and facts presented here, the Court finds that Defendant is not entitled to relief because she has not demonstrated any

---

[3] The timing of this child's birth conclusively demonstrates that the child was conceived *after* the date that both parents had been indicted on serious federal criminal charges. In other words, both parents chose to have this fifth child knowing full well that each of them had serious federal criminal charges pending against them for stealing several hundreds of thousands of dollars, and one or both of them were likely going to prison.

extraordinary and compelling reason warranting a modification of her sentence based on her medical conditions.[4]  To be sure, Defendant suffers from various medical conditions.  The Court was aware at sentencing that Defendant suffered from many of these conditions.  Importantly here, though, Defendant has not shown that any of her alleged medical conditions constitute a serious physical or medical condition that substantially diminishes her ability to provide self-care within the correctional facility and from which she is not expected to recover.  She makes no showing that BOP is not providing the necessary care, and BOP records actually reflect that her treatment has been similar to the care she received prior to being in custody, including seeing doctors and specialists, and trying different medication combinations.  The records therefore show that Defendant's medical issues are being closely monitored and treated by medical staff at the prison.

Defendant also alleges that her five children "have several medical issues" requiring frequent appointments, and that their caretaker (Defendant's mother) has several conditions herself that make it difficult for her to get the children to their appointments.[5]  "[L]oved ones are often adversely impacted by a family member's incarceration, and must make necessary and inconvenient life adjustments during

---

[4] In USSG § 1B1.13, the Sentencing Commission has set specific examples of "extraordinary and compelling reasons" that may qualify a defendant for compassionate release, including: (1) the defendant suffers from a terminal illness or a serious physical or medical condition that substantially diminishes his ability to provide self-care and from which the defendant is not expected to recover; (2) the defendant is at least 65 years old and experiencing a serious deterioration in his physical or mental health, and she has served at least 10 years or 75% of his prison sentence; (3) particular family circumstances; and (4) other reasons as determined by the BOP.

[5] To the extent Defendant asserts her need to care for her mother as an independent caretaker basis, she would need to make a showing that her mother is incapacitated and that Defendant is the only available caretaker, but Defendant has done neither.

that individual's incarceration.  These often-unavoidable consequences, however, do not create extraordinary circumstances[.]" *United States v. Gonzalez*, No. 17-cr-60333-BLOOM, 2021 WL 4066897, at *5 (S.D. Fla. Sept. 7, 2021).  Although her mother may be facing challenges, Defendant has neither alleged nor shown that her mother is incapacitated.  In addition, *the Court also considered the caretaking issue at sentencing when imposing its below-guidelines sentence*, and Defendant has not shown that there are no other available caretakers.  *See United States v. Streeter*, No. 3:18-cr-76-TJC-LLL, 2023 WL 130751, at *2 (M.D. Fla. Jan. 9, 2023) (Corrigan, J.) (noting that courts often consider whether the inmate is the only feasible caretaker and collecting cases).

Alleged rehabilitation also does not justify release.  Although Defendant's participation as a GED and ESL teacher-aide at the prison and classes is commendable, rehabilitation is not, by itself, extraordinary and compelling as understood in the statute.

Finally, even if Defendant could establish an extraordinary or compelling reason for compassionate release, the applicable Section 3553(a) factors weigh against granting compassionate release in this case.  Considering the § 3553 factors, including Defendant's criminal history and characteristics, the Court finds that release would not be appropriate here.  This was a serious fraud in which Defendant took a lead role.  Moreover, this was not her first fraud offense – she committed the crimes while on probation for another fraud.  In addition, the fraud was not committed to pay for medical expenses or basic necessities for Defendant or her family – it was pure greed, with the proceeds going toward luxury items.  Her below-guideline sentence took into account the mitigating factors, such as Defendant's family circumstances, but the

Court ultimately concluded that this was a crime that required prison time. Nothing has changed. Given the seriousness of Defendant's conduct, denying the motion promotes respect for the law, affords adequate deterrence, and continues to provide just punishment for the offense.

Consequently, Defendant's motion for compassionate release is hereby **DENIED**.

The Court notes that Defendant briefly mentions Amendment 821. The brief reference is not sufficient to seek affirmative relief on this basis, but Defendant may file a separate motion if she believes that she is eligible for a sentence reduction. Such motion would be handled in the normal course of procedure in this District.

**DONE AND ORDERED** in Chambers, in Fort Myers, Florida, this 14th day of March, 2024.

*[signature]*

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**